# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHEA R. THOMAS,

:

    Petitioner,                                 Case No. 3:07-cv-409

:          District Judge Thomas M. Rose
  -vs-                                        Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, WARDEN,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought under 28 U.S.C. § 2254 to challenge Petitioner's conviction and incarceration on one count of felonious assault with a firearm specification. Petitioner pleads two grounds for relief as follows:

> **GROUND ONE:** Petitioner was deprived of the effective assistance of counsel on his first direct appeal, a violation of the Sixth and Fourteenth Amendments.
>
> **Supporting Facts:** Appellate counsel completely ignored petitioner's repeated requests to address his unconstitutional sentence in his direct appeal. An issue of a constitutional magnitude that had been recognized in the State appellate courts as unconstitutional and had been remanding any and all cases back to the trial courts for resentencing.
>
> **GROUND TWO:** Petitioner's sentence is void and unconstitutional under the 5th, 6th and 14th Amendments and in violation of due process right to notice of charges and opportunity to be heard as well as right to proof beyond a reasonable doubt by jury determination.
>
> **Supporting Facts:** The trial court made judicial factfindings of facts not presented in a charging instrument to enhance petitioner's

sentence beyond the statutory maximum based upon such facts to which petitioner had no notice or any opportunity to defend against. Petitioner was denied the ability to have a jury make these finding of facts and to make them to the standard of beyond a reasonable doubt, and the trial court lowered the prosecutions/State's burden of proof to a standard to less than beyond a reasonable doubt.

(Petition, Doc. No. 1).

Respondent presents no procedural defenses to these claims, but instead defends them on the merits. This Court accordingly reaches the merits of the claims. In doing so, the Court is mindful of the requirement of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") that it grant relief on a claim decided on the merits by the state courts only if the state court decision was contrary to or an unreasonable application of clearly established federal law as enunciated by the United States Supreme Court. The Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and

> "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

> AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005).

As the Court understands Petitioner's argument on both his Grounds for Relief, taken

together, it is that his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004)(handed down June 24, 2004), and that he received ineffective assistance of appellate counsel because his attorney on direct appeal did not make that argument.

**Procedural History**

Petitioner was convicted after jury trial in the Clark County Common Pleas Court on September 8, 2004, of one count of felonious assault with a gun specification. On September 16, 2004, he was sentenced to seven years on the felonious assault, consecutive to a mandatory three-year sentence on the firearm specification. In the Judgment Entry, the trial judge found that the victim suffered serious physical, emotional, and/or psychological harm, that the Petitioner had prior delinquency adjudications or criminal convictions, unsuccessful probation or parole terms, and showed no remorse, all as provided in Ohio Revised Code § 2929.12(B) and (D). The court further found under Ohio Revised Code § 2929.14(C) that Petitioner was a repeat violent offender. (Judgment Entry, Ex. 4 to Motion to Dismiss, Doc. No. 13).

Under Ohio Revised Code § 2903.11, felonious assault is a felony of the second degree which carries a sentence of two, three, four, five, six, seven, or eight years. Ohio Revised Code § 2929.14(A)(2). While a judge imposing sentence under Ohio law is required to consider the factors set forth in Ohio Revised Code § 2929.12, he or she is not required to make a finding on any of them to justify a particular sentence. However, in order to justify a sentence of more than the minimum two years, a judge was required at the time Mr. Thomas was sentenced to make further findings

under Ohio Revised Code § 2929.14.

Mr. Thomas took a direct appeal to the Second District Court of Appeals without raising any of the claims he makes here, but his conviction was affirmed on July 29, 2005. He took no further appeal to the Ohio Supreme Court and his conviction thus became final September 12, 2005, the last day he could have appealed to that court. Several months later on February 27, 2006, the Ohio Supreme Court decided in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), that Ohio Revised Code § 2929.14 was unconstitutional under *Blakely* because it required additional findings to allow a sentence of more than the minimum, but permitted those findings to be made by the trial judge and not the jury. Furthermore, the allegation of facts necessary to support the finding did not have to be made in the indictment and did not have to be proven beyond a reasonable doubt. The Ohio Supreme Court then ordered that all cases pending in the Ohio court system on the day *Foster* was decided were to be remanded for resentencing. It severed the unconstitutional requirement for additional findings by a judge and allowed trial judges to impose any sentence authorized by the statute without the findings required by Ohio Revised Code § 2929.14. It made no such order as to cases which were already final on direct appeal, such as Petitioner's.

On May 10, 2006, several months after *Foster* was decided, Petitioner filed a delayed application to reopen his direct appeal under Ohio R. App. P. 26(B) in order to claim that it was ineffective assistance of appellate counsel for his direct appeal attorney to fail to include the following assignment of error:

> The imposition of a sentence which exceeds the statutory maximum in the absence of notice and opportunity as well as in the absence of jury findings violates the Fifth, Sixth and Fourteenth Amendment rights of the defendant.

The Court of Appeals denied reopening because it found Petitioner had not been prejudiced by the

omission in that it was unlikely the trial judge would have imposed a different sentence when unconstrained by Ohio Revised Code § 2929.14 than he had imposed when constrained by the statute. In the meantime Petitioner had raised his claim of an unconstitutional sentence in the trial court by a "motion to correct unlawful sentence." He purported to file the motion under Ohio R. Crim. P. 57, asserting his sentence was "void" under *Foster*. The trial court denied relief summarily without an explanation of its reasoning. The appeals courts denied relief, concluding that Foster does not apply to cases to cases which had been finally decided prior to February 27, 2006, and "has no application to collateral attacks on sentences previously imposed." (Opinion, Ex. 25 to Doc. No. 13). The Ohio Supreme Court denied review.

## Ground One

In denying Petitioner relief on his claim of ineffective assistance of appellate counsel, the Ohio Court of Appeals applied the correct federal constitutional standard as established in *Strickland v. Washington*, 466 U.S. 668 (1984) and concluded

> The holding in *Foster* gives the trial court greater discretion in sentencing than it had under R.C. 2929.14(B). In our view, it is unrealistic to think that the trial court, now possessing greater sentencing discretion, would impose a lesser sentence on remand. After all, it declined to impose a minimum sentence on Thomas in the first instance when it was required to make specific findings to justify doing so. The trial court could even impose a greater sentence on remand. Consequently, we are unpersuaded that reopening Thomas' appeal, reversing his sentence, and remanding for resentencing would result in any benefit to Thomas, and we thus find no ineffective assistance of appellate counsel.

(Opinion, Ex. 14 to Doc. No. 17). Petitioner has not shown how this conclusion by the Ohio Court

of Appeals is an objectively unreasonable application of *Strickland*. If the Petitioner's counsel had raised the *Blakely* claim on direct appeal before *Foster* was decided, the most likely result would have been no different because the Second Ohio District Court of Appeals had not held, prior to *Foster,* that Ohio Revised Code § 2929.14 was unconstitutional under *Blakely*. If the *Blakely* claim had been raised and the Second District Court of Appeals had somehow waited from when it actually decided the case (July 29, 2005) until *Foster* was decided in February, 2006, so that the case would have then been pending of direct review, the result would have been, under *Foster*, remand for resentencing. But, as the Court of Appeals found, it is unlikely the trial judge would have imposed a shorter sentence when his discretion was unconstrained than when he was operating under the constraints of Ohio Revised Code § 2929.14. It is also possible that, had counsel raised the claim on direct appeal, the Court of Appeals would have found it was forfeited by Petitioner's failure to raise the *Blakely* claim in the trial court, as many appellate courts did during that time period. In summary, it is not ineffective assistance of counsel to fail to raise a claim which was very unlikely to affect the eventual outcome. On that basis, Petitioner's first ground for relief is without merit.

## Ground Two

In Ground Two, Petitioner attacks his sentence directly. He attempts to sweep aside Respondent's arguments about whether *Blakely* is to be applied on collateral review, saying they "are all issues that are not present before this Court and can only be raised after petitioner has been illegally resentenced." (Traverse, Doc. No. 19, at 3.) Instead, he says the issues before this Court are :

1. Did the trial court possess subject matter jurisdiction to convict petitioner of the elements to increase his sentence beyond the presumptive statutory maximum?

2. Did the state provide the Petitioner with notice and the opportunity to defend against these additional elements used to enhance his sentence?

3. Was the petitioner provided with the constitutionally required opportunity to defend against these additional elements in front of a jury and to have them proven beyond a reasonable doubt?

4. And was Due Process had?

*Id.* However, rather than arguing these questions directly, Petitioner spends the balance of his Traverse attempting to rebut Respondent's arguments.

Petitioner's first argument apparently is that the Common Pleas Court did not have jurisdiction to impose the sentence it did. That argument is without merit. No Ohio court except a Common Pleas court has jurisdiction to impose sentence for a felony conviction and the sentence imposed in this case was within the range of sentences prescribed by the legislature for felonious assault.

Petitioner is correct that the legislature in Senate Bill 2 in 1996 set a presumptive maximum sentence of two years for felonious assault in the absence of certain additional findings by a judge and that having those findings made by a judge rather than a jury was, after Petitioner's conviction became final, declared unconstitutional in *Foster*. But the Ohio Supreme Court did not declare that this made all prior sentences imposed under Ohio Revised Code § 2929.14 void; instead, it voided only those sentences which were not yet final on direct appeal. Based on that fact, the Ohio Court of Appeals refused to relieve Mr. Thomas from his sentence on both his Rule 26(B) application for

reopening and his collateral attack under Crim. R. 57. The question then is whether those decisions were objectively unreasonable applications of United States Supreme Court precedent. They were not because *Blakely* itself has not been applied to cases pending on collateral review. *See Valentine v. United States*, 488 F.3d 325 (6th Cir. 2007), *cert. denied*, 128 S.Ct. 1311 (2008); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), cert. denied, 546 U.S. 885 (2005).

Petitioner's second ground for relief is without merit because the state courts' disposition of his claims is not an objectively unreasonable application of *Blakely*.

## Conclusion

The Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

October 11, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for

the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).